IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:09-CV-00285-80

| | |
|---|---|
| CHOICE HOTELS INTERNATIONAL, INC., ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| SMITH HOTEL PROPERTIES, LLC, and ) | |
| WALTER SMITH, ) | |
| Defendants. ) | |

Before the Court is a Motion for Reconsideration [DE 41] filed by Plaintiff Choice Hotels International, Inc. ("Choice Hotels"). Choice Hotels requests reconsideration of this Court's March 21, 2011 partial grant of summary judgment in its favor [DE 39]. The Motion for Reconsideration is ripe for adjudication. As explained below, Plaintiff's Motion is GRANTED.

## I. BACKGROUND

This case involves Choice Hotels' claims of federal trademark infringement, federal unfair competition, North Carolina unfair and deceptive trade practices, common law unfair competition and trademark infringement, and common law breach of contract. On March 21, 2011, this Court entered an order granting in part and denying in part Choice Hotels' Motion for Summary Judgment [DE 39]. The Court granted summary judgment in favor of Choice Hotels with respect to the issue of liability on Counts I-V of the Amended Complaint but denied summary judgment to Choice Hotels with respect to its claim for liquidated damages under Count V [DE 39 p. 15]. Specifically, the Court held that the liquidated damages provision contained in the parties' Franchise Agreement would be construed as an unenforceable penalty under Maryland's common law of contracts. Upon Choice Hotels' motion, the Court now reconsiders and modifies that earlier ruling.

## II. DISCUSSION

### A. Legal Standards

On March 21, 2011, this Court entered partial summary judgment in favor of Choice Hotels. The partial summary judgment order is reviewable pursuant to Federal Rule of Civil Procedure 54(b). Rule 54(b) provides that in the absence of an express order directing final judgment as to certain claims or parties:

> [a]ny order or other form of decision, however designated, which adjudicates fewer than all of the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

Fed. R. Civ. P. 54(b). Under this rule, "a district court retains the power to reconsider and modify its interlocutory judgments, including partial summary judgments, at any time prior to final judgment when such is warranted." *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514–15 (4th Cir. 2003). Motions for reconsideration under Rule 54(b) are not subject to the same "strict standards" applicable to motions under Rule 60(b). *Id.* at 514. Rather, the resolution of such motions is "committed to the discretion of the district court." *Id.* at 515. In exercising its discretion, the court may look to the general principles of Rule 60(b), but is not bound by them. *See Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1470 (4th Cir. 1991).

### B. Choice Hotels Is Entitled to Liquidated Damages

In the instant Motion, Choice Hotels assigns error to the Court's determination that the parties' Franchise Agreement contains an unenforceable penalty clause under Maryland law. Choice Hotels advances four theories in support of its Motion. Choice Hotels contends that:

(1) Choice Hotels was not given an opportunity to be heard on the issue of the enforceability

2

of the liquidated damages provision; (2) The Fourth Circuit Court of Appeals has, on multiple occasions, found the liquidated damages provision contained in the Choice Hotels Franchise Agreement to be enforceable and consistent with Maryland law; (3) liquidated damages provisions of this type are standard in the hotel/motel industry and have been found to be enforceable by courts throughout the country; and (4) a thorough review of the relevant authorities interpreting Maryland law, including those cited by the Court in its Order, compel the conclusion that the liquidated damages provision contained in the Choice Hotels Franchise Agreement is valid and enforceable.

(Pl.'s Mem. in Supp. Mot. For Recons. 2) [DE 42].

The Court finds at least one of Choice Hotels' arguments to be persuasive. Upon reconsideration, the Court finds that the liquidated damages clause at issue complies with Maryland law and that it is not an unenforceable penalty clause.

There are three essential elements to an enforceable liquidated damages provision under Maryland law: (1) the clause must provide in clear and unambiguous terms for a sum certain; (2) it must reasonably compensate for damages anticipated by the breach; and (3) it may not be altered to correspond to actual damages determined after the fact. *Bd. of Education of Talbot County v. Heister*, 896 A.2d 342, 352 (2006). The undisputed evidence of record establishes that the liquidated damages provision at issue here satisfies all of these essential elements.

First, a valid liquidated damages provision must provide in clear and unambiguous terms for a "sum certain" *Heister*, 896 A.2d 352. This does not mean that the contract must identify a specific dollar amount, but it does mean that the contract must identify a mechanism by which a specific dollar amount could be determined at the time of breach. Here, the liquidated damages provision in the Choice Hotels Franchise Agreement also provides in clear and unambiguous terms for a sum certain. As of the date of termination, the exact dollar amount of liquidated damages is immediately ascertainable.

3

Second, Maryland law provides that a liquidated damages provision is enforceable if it constitutes a fair and reasonable attempt to fix just compensation for an anticipated breach of the contract. *Heister*, 896 A.2d at 351. A liquidated damages provision will only be construed as an unenforceable penalty if the amount contemplated is "grossly excessive and out of all proportion to the damages that might reasonably have been expected to result from such breach of the contract." *Barrie School v. Patch*, 933 A.2d 382, 388-89, 401 Md. 497, 508–09 (2007) (quoting *Balto. Bridge Co. v. United Rys. & Electric Co.*, 125 Md. 208, 214–15 (1915)). Neither side contends that the liquidated damages clause here is "grossly excessive and out of all proportion" with reasonably expected damages. The Court finds, based on a review of the record, that the liquidated damages provision is designed to put Choice Hotels back into the position it would have been in but for the breach. It is not "grossly excessive and out of all proportion" with reasonably expected damages.

Finally, Maryland law requires that a liquidated damages clause must not be alterable to correspond to actual damages determined after the fact. It is undisputed and the record demonstrates that the liquidated damages provision contained in the Choice Hotels Franchise Agreement is binding and may not be altered to correspond to actual damages.

In sum, upon the unrebutted request of the Plaintiff, the Court has reconsidered its Order of March 21, 2011 and found that the Franchise Agreement's liquidated damages provision provides a mechanism for determining a sum certain which is readily ascertainable at the time of breach. Moreover, that sum certain is a fair estimate of potential damages that would otherwise be impossible or very difficult to quantify. The Court thus finds that the Plaintiff has met its burden of establishing that the liquidated damages provision contained in the parties' Franchise

Agreement is valid and enforceable under Maryland law.

C. The Measure of Damages

The Court has already determined, in its Order of March 21, 2011, that Defendant Walter Smith is liable for breach of the Franchise Agreement. *See* Order at 9–10, *Choice Hotels International, Inc. v. Smith Hotel Properties, LLC and Walter Smith*, No. 5:09-CV-285, Dkt. 39 (E.D.N.C. Mar. 21, 2011). The Court, upon reconsideration, has also determined that the parties Franchise Agreement contains an enforceable liquidated damages agreement.[1] Choice Hotels further contends, and Defendants do not dispute, that the enforceable liquidated damages provision entitles Choice Hotels to an award of lost profits of $158,400.00. The Court agrees.

Paragraph 10(d)(2) outlines Choice Hotels' remedies upon a material breach by Defendants and a termination of the Agreement. Paragraph 10(d)(2) creates Plaintiff's right to liquidated damages.[2] The Agreement contemplates that liquidated damages from lost profits shall be determined as a percentage of the Franchisee's average prior fees and revenue. The provision qualifies that remedy, however, by providing that in no event will those damages be less than:

---

[1] *See* supra Part II.B.

[2] The relevant provision of the Agreement provides:

"2. If we terminate this Agreement due to your default after the Opening Date . . . you [Defendants] will pay us [Choice Hotels], within 30 days after termination, as liquidated damages and not as a penalty for the premature termination, the product of (i) the average monthly Gross Room Revenues during the prior 12 full calendar months (or the shorter time that the Hotel has been in the system), multiplied by (ii) the Royalty Fee payable in the Remaining Months (as defined below), multiplied by (iii) the number of months until the next date that you could have terminated this Agreement without penalty ("Remaining Months"), not to exceed 36 months. However, the product of (i) multiplied by (ii) will not be less than the product of $40.00 multiplied by the Rentable Rooms."

(Franchise Agreement, p. 8, ¶ 10(d)(2)) [DE 5-12].

$40.00 multiplied by the total number of Rentable Rooms multiplied by the number of months until the next date that the Franchisee could have terminated the Franchise Agreement without penalty – not to exceed 36 months (Franchise Agreement, p. 8, ¶ 10(d)(2)) [DE 5-12].

There are 110 rentable rooms at the Subject Property, which means that the minimum monthly lost profits fee under the agreement is $4,400 ($40 x 110 Rooms). (Declaration of Stuart M. Kreindler, Esq.) [DE 31-12]. Under the Paragraph 10(d)(2) formula, this figure is then multiplied by the number of months remaining between termination and the next date that the franchisee would have been able to terminate without penalty. In this case, the relevant term is 36 months. Multiplying 36 by the $4,400 monthly lost profits fee generates a total amount of lost profits liquidated damages of $158,400.00. Choice Hotels contends, therefore, that it is entitled to this amount pursuant to the formula described in Paragraph 10(d)(2) of the Franchise Agreement. *Id.* Plaintiff's interpretation of the Franchise Agreement is undisputed and supported by the record.

Based on the foregoing, the Court finds that there is no genuine issue of material fact regarding the measure of lost profits recoverable as a result of Defendants' breach of the Franchise Agreement and that Choice Hotels is entitled to an award of lost profits in the amount of $158,400.00. Thus, Choice Hotels is entitled to summary judgement–*in toto*–on its breach of contract claim.

D.   Request For Hearing

With respect to injunctive relief and the measure of damages, lost profits, and attorneys' fees recoverable under its infringement and unfair competition claims, Choice Hotels has requested a hearing pursuant to 15 U.S.C. §1116. The Court DIRECTS Choice Hotels to file

6

Case 5:09-cv-00285-BO   Document 46   Filed 05/06/11   Page 6 of 7

a motion and any necessary memoranda in support of these issues within twenty (20) days from the date of this Order. Defendants shall have twenty (20) days from the filing of Choice Hotels' motion to file materials in response. The Court will notice the parties for a hearing on the issues if they are not sufficiently addressed in the recorded filings.

### III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Choice Hotels' Motion for Reconsideration [DE 41] is GRANTED. Summary judgment shall be entered in favor of Choice Hotels on Counts I-V of the Amended Complaint.

2. With respect to Count V, Choice Hotels is entitled to an award of lost profits liquidated damages in the amount of $158,400.00.

3. The portion of this Court's Order of March 21, 2011 denying Choice Hotels' Motion for Summary Judgment as to lost profit damages is VACATED to the extent it differs from this Order. All other provisions of the Court's Order of March 21, 2011 remain in full force and effect.

4. The briefing schedule outlined in the Court's Order of March 21, 2011 is VACATED AS MOOT.

5. Plaintiff's Motion for Extension of Time to Conduct Briefing [DE 43] is DENIED AS MOOT.

DONE AND ORDERED in chambers, this 4 day of May, 2011.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

7